UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

QUINCY DOTSON              ]
    Plaintiff,             ]
v.                         ]          No. 3:11-0686
                           ]          Judge Sharp
SHERIFF'S DEPARTMENT, et al. ]
    Defendants.            ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Department and the State of Tennessee, seeking injunctive relief and damages.

On June 20, 2011, the plaintiff reported to the infirmary where "a lady by the name Chantel" attempted to treat his ingrown toe nail. Apparently, the treatment was painful and did not proceed as the plaintiff had hoped. He now claims that Chantel did not provide him with adequate medical care for the ingrown toe nail in violation of his constitutional rights.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county sheriff's department is not a person that can be sued under 42 U.S.C. § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007), *see also* Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Davidson County, the entity responsible for the operation of the Criminal Justice Center. However, for Davidson County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint.

The plaintiff also claims that the State of Tennessee is in some way responsible for the lack of adequate medical care. The Eleventh Amendment, though, bars a suit in federal court by a citizen against a state or its agencies unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity. Pennhurst State School and Hospital v. Halderman, 104 S.Ct. 900, 908 (1984); Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989).

Congress has not overridden a state's sovereign immunity to civil rights complaints. Moreover, the State of Tennessee has not consented to waive its immunity to such actions. Berndt v.

Tennessee, 796 F.2d 879 (6th Cir.1986). Therefore, this defendant is also not subject to suit.

The plaintiff has failed to state a claim against the defendants for which relief can be granted. Under such circumstances, the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

---
Kevin H. Sharp
United States District Judge